**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

AUSTIN SPOREA                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:25-CV-230-JHM

TRENT HARDIN, *et al*.                                                         DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Austin Sporea filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons stated below, the Court will allow some claims to proceed and dismiss the remaining claims.

**I. SUMMARY OF COMPLAINT**

Plaintiff names as "individual defendants" Lieutenant Trent Hardin, Sherriff Ryan Norman, K9 Unit Officer Steve Croft, and Officer/Deputy Jordan Springer.  He also sues the McCracken County Sheriff's Office.  The allegations in the complaint concern what appears to be Plaintiff's arrest on October 2, 2025.   On that date, Plaintiff alleges:

> I was unlawfully detained by officers from McCracken County without probable cause.  I was not trespassing, nor was I on the property when officers arrived.  My vehicle was compliant, and I was fully compliant and cooperative.  The officers performed an unlawful investigative stop, frisked me, and searched my vehicle without a warrant, consent or probable cause.  I was questioned despite invoking my right to remain silent, denied access to a supervisor, and subjected to intimidation tactics that violated my First, Fifth, and Fourteenth Amendment rights. The K9 unit allegedly alerted on my car but no illegal substances were found raising suspicion of false arrest.  This incident involved four officers and the county.  I suffered emotional distress, fear and humiliation.

Plaintiff states that the incident described above resulted in violations of his Fourth, Fifth, and Fourteenth Amendment rights.  Additionally, he alleges "retalition [sic] against my protected

First Amendment," and "supervisory and municipal liability under Monell."  As relief, Plaintiff seeks "actual and punitive damages."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore*, 114 F.3d at 608-09.  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, this duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. County Defendant

Plaintiff sues the McCracken County Sheriff's Office.  However, this Defendant is not a "person" subject to suit under § 1983 because county and municipal departments, such as sheriff and police departments, are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, McCracken County is the proper defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  The Court will therefore construe the claims against the McCracken County Sheriff's Department as brought against McCracken County.  *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).[1]

When a § 1983 claim is made against a municipality or county, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation.  *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government

---

[1] The same is true if Plaintiff were to sue Defendants Hardin, Norman, Croft, and Springer in their official capacities, because "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, any official-capacity claims against Defendants Hardin, Norman, Croft, and Springer would be brought against their employer, McCracken County.

body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that his constitutional rights were violated due to a policy or custom of McCracken County.  Instead, under the "Relief" heading of the complaint, he writes "municipal liability under Monell."  Because Plaintiff sets forth no facts establishing that any alleged violation of his constitutional rights is attributable to a policy or custom of McCracken County, his claims against the county must be dismissed.  *See e.g., Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"); *see also Towns v. Elizabethtown Sheriffs Dep't*, No. 3:25-CV-489-JHM, 2025 WL 3565511, at *4 (W.D. Ky. Dec. 12, 2025) (dismissing *Monell* claim on initial review where Plaintiff failed to allege a constitutional violation due to a policy or custom of the county).

### B. Individual Defendants

#### 1. Fourth and Fifth Amendment Claims

The complaint appears to identify Defendants Hardin, Norman, Croft, and Springer as the law enforcement officers involved in the October 2, 2025, arrest from which Plaintiff claims that he was subjected to false arrest, illegal search and seizure, and continued questioning after administration of his *Miranda* warnings in violation of the Fourth and Fifth Amendments.  <u>Upon review, the Court will allow Plaintiff's Fourth Amendment claims of false arrest and illegal search and seizure and his Fifth Amendment claim of compelled self-incrimination to proceed against Defendants Hardin, Norman, Croft, and Springer in their individual capacities.</u>

The Court observes that these claims, which call into question the validity of his conviction, may be subject to the bar articulated in *Heck v. Humphrey*, 512 U.S. 477, 486– 87 (1994).  *Heck* holds that a state prisoner does not state a cognizable claim under § 1983 where a ruling on his

4

claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. at 486–87; *see also*, *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).  "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," *Heck*, 512 U.S. at 486, regardless of whether the plaintiff seeks damages or equitable relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).  Thus, "*Heck* makes clear that no cause of action exists [under § 1983] until a conviction is legally eliminated."  *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995).

Plaintiff's claims relate to rulings that would likely be made in a state criminal action. However, the complaint contains no allegations pertaining to any state criminal proceedings against him arising from the October 2, 2025, arrest.  As the United States Supreme Court has held,

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007).  In light of this jurisprudence, if Plaintiff has a criminal case stemming from his allegations that is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the *Heck* doctrine, explained above.

*2. First and Fourteenth Amendment Claims*

Plaintiff also purports to bring his claims under the First and Fourteenth Amendments. However, he sets forth no facts to support a claim that his arrest was in retaliation for exercising his First Amendment rights. *See Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358–59 (6th Cir. 2002) (complaint was properly dismissed where plaintiff's "allegations of retaliation for exercising his First Amendment rights were insufficient to state a claim because he set forth no facts which would support his contention that the defendants were motivated by retaliation.") (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Likewise, there are no facts alleged in the complaint that state or support a viable claim for deprivation of due process or equal protection that would be cognizable under the Fourteenth Amendment. *See Buckler v. Marainis*, No. CV 7:22-055-GFVT, 2023 WL 4748176, at *4 (E.D. Ky. July 25, 2023) (finding that "mere reference" to the Fourteenth Amendment, "devoid of any factual allegations" to support such a claim, was insufficient to state a claim for relief); *see generally, Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). Accordingly, any claims against Defendants Hardin, Norman, Croft, and Springer brought under the First and Fourteenth Amendments must be dismissed for failure to state a claim.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the Fourth Amendment claims for false arrest and illegal search and seizure and the Fifth Amendment claim for compelled self-incrimination against Defendants Hardin, Norman, Croft, and Springer in their individual capacities will continue past initial review. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the

ultimate outcome of this action.  The Court will enter a separate Service and Scheduling Order to govern the development of these claims.

**IT IS FURTHER ORDERED** that the First and Fourteenth Amendment claims against Defendants Hardin, Norman, Croft, and Springer in their individual capacities and all claims against the McCracken County Sheriff's Office are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate McCracken County Sheriff's Office as a party to this action.

Date:   May 7, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.015

7